**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HANSON CHEVROLET COMPANY, Respondent.**

No. 14711.

United States Court of Appeals Sixth Circuit.

Oct. 4, 1961.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., Thomas Roumell, Regional Director, Detroit, Mich., for petitioner.

Frederick Colombo, Detroit, Mich., for respondent.

Before CECIL, WEICK and O'SULLI-VAN, Circuit Judges.

DECREE.

This cause came on to be heard upon the petition of the National Labor Relations Board for summary entry of a Decree against the Respondent herein, enforcing its order dated June 29, 1961. This Court has considered the entire transcript of record filed in this cause, and on being fully advised in the premises, issued its decision granting the petition and enforcing the said Order of the Board. In conformity therewith, it is hereby

Ordered, adjudged, and decreed that respondent, Hanson Chevrolet Company, its officers, agents, successors, and assigns, shall:

1. Cease and desist from:

(a) Discouraging membership in and activities on behalf of any labor organization by discharging, laying off, refusing to reinstate, or in any other manner discriminating in regard to the hire or tenure of employment of any employees, or any term or condition of employment;

(b) Threatening employees with reprisals to discourage membership in or activity on behalf of any labor organization;

(c) Interrogating employees as to their membership in or activities on behalf of any labor organization in a manner constituting interference, restraint or coercion in violation of Section 8(a) (1) of the Act, 29 U.S.C.A. § 158(a) (1);

(d) In any other manner interfering with, restraining, or coercing employees in the exercise of the right to self-organization, to form labor organizations, to join or assist any labor organization, to bargain through representatives of their own choosing, and to engage in any other concerted activities for the purpose of collective bargaining or other mutual aid or protection, or to refrain from any or all such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment, as authorized by the Act, as amended.

2. Take the following affirmative action which the Board finds will effectuate the policies of the Act:

(a) Offer William Anson and Roger Lorridon immediate and full reinstatement to their former or substantially equivalent positions, without prejudice to their seniority or other rights and privileges, and make them whole for any loss of earning they may have suffered by reason of the discrimination against them, in the manner set forth in that section of the Intermediate Report of the Trial Examiner, dated March 29, 1961, entitled the "The Remedy";

(b) Preserve and, upon request, make available to the Board or its agents for examination and copying all records necessary for the determination of the amounts of backpay due and the right of reinstatement under this Decree;

(c) Post at its Detroit, Michigan, shop copies of the notice attached hereto as "Appendix." Copies of said notice, to be furnished by the Regional Director for the Seventh Region of the National Labor Relations Board, Detroit, Michigan, shall, after being duly signed by the respondent, be posted by it immediately upon receipt thereof, in conspicuous places, and be maintained by it for a period of 60 consecutive days. Reasonable steps shall be taken to insure that said notices are not altered, defaced, or covered by any other material;

(d) Notify the Regional Director for the Seventh Region, in writing, within ten days from the date of the receipt of this Decree, what steps it has taken to comply herewith.

This decree is entered without prejudice to the right of respondent, in compliance proceedings, to show why any part of the Board's order ought not to be enforced because of changed circumstances.

## APPENDIX

### Notice To All Employees
### Pursuant To
### A Decree

of the United States Court of Appeals enforcing an Order of the National Labor Relations Board, and in order to effectuate the policies of the National Labor Relations Act, as amended, we hereby notify you that:

We Will Not discourage membership in Automotive Repair Trades Employees of Michigan, Local 217, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Ind., or in any other labor organization, by discharging, laying off, refusing to reinstate, or in any other manner discriminating in regard to employees' hire or tenure of employment or any term or condition of employment.

We Will Not threaten employees with reprisals to discourage membership in or activity on behalf of any labor organization.

We Will Not interrogate our employees in regard to their membership in or activity on behalf of any labor organization in a manner constituting interference, restraint, and coercion in violation of Section 8(a) (1) of the Act.

We Will Not in any other manner interfere with, restrain, or coerce employees in the exercise of the right to self-organization, to form labor organizations, to join or assist the above-named or any other labor organization, to bargain collectively through representatives of their own choosing, and to engage in any other concerted activities for the purpose of collective bargaining or other mutual aid or protection, or to refrain from any or all such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in Section 8(a) (3) of the Act, as amended.

We Will offer William Anson and Roger Lorridon immediate and full reinstatement to their former or substantially equivalent positions and make them whole for any loss of pay they may have suffered by reason of the discrimination against them.

Hanson Chevrolet Company
(Employer)

Dated ——— By ————————————
(Representative) (Title)

This notice must remain posted for 60 days from the date hereof, and must not be altered, defaced, or covered by any other material.